GARCÍA, DEMANDANTE Y APELADA, *v.* TORRES ET AL., DEMANDADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en un caso sobre nulidad de pagarés y procedimientos para su cobro e *injunction.*

No. 1019.—Resuelto en marzo 18, 1914.

INJUNCTION—PRUEBA PRIMA FACIE—DEMANDA JURADA NO NEGADA.—Cuando en el acto de la vista de un *injunction* preliminar los demandados no niegan los hechos alegados bajo juramento en la demanda, el demandante no está obligado a presentar prueba alguna sobre tales hechos de cuya veracidad es prueba *prima facie* el juramento de la parte demandante.

ID.—DISCRECIÓN DEL TRIBUNAL SENTENCIADOR.—Concedido un *injunction* preliminar por un tribunal inferior, a menos que se demuestre que la corte ha abusado de su discreción, este tribunal no revocará tal resolución.

ID.—JURISDICCIÓN DE LAS CORTES DE DISTRITO—CUANTÍA LITIGIOSA.—La jurisdicción de las cortes de distrito para expedir mandamientos de *injunction* no está limitada por la cuantía del litigio.

ID.—INDEBIDA ACUMULACIÓN DE ACCIONES—APELACIÓN DE UNA ORDEN DECRETANDO UN INJUNCTION PRELIMINAR.—En una apelación contra una orden decretando

un *injunction* preliminar no procede discutir la alegación de indebida acumulación de acciones hecha por los demandados en el acto de la vista del *injunction* preliminar, sino que tal cuestión ha de resolverse cuando se plantee ante el tribunal inferior por medio de excepción previa o en la contestación a la demanda.

ID.—REMEDIO ORDINARIO—ANOTACIÓN DE LITIS PENDENCIA.—El remedio de anotación de *litis pendencia* que pueda tener un demandante con arreglo al artículo 91 del Código de Enjuiciamiento Civil no excluye el remedio de *injunction* que es más rápido, eficaz y adecuado en determinados casos.

Los hechos están expresados en la opinión.

Abogado de la apelada: *Sr. Leopoldo Feliú.*

Abogado de los apelantes: *Sr. José Benet.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Ante la Corte de Distrito del Distrito Judicial de Mayagüez Mauricia García Hernández de Torres produjo demanda con fecha 21 de mayo de 1913 contra Roque Torres y Rodríguez, Julio N. Laaves y Jaime Zapata para anular ciertos pagarés suscritos por el primero de dichos demandados a favor de los otros dos, y los juicios seguidos por los tenedores de dichos pagarés para el cobro de los mismos, solicitándose en dicha demanda que mientras ésta se sustanciaba y resolvía definitivamente por sentencia, se dictara una orden de *injunction* preliminar contra los demandados prohibiéndoles la continuación de dichos pleitos y la celebración de las subastas que a su instancia estaban para verificarse.

Alégase en síntesis por la demandante Mauricia García Hernández en su demanda jurada, que en 19 de febrero de 1913 había establecido un pleito en la Corte de Distrito de Mayagüez contra su esposo Roque Torres y Rodríguez en cuyo pleito pendiente de resolución, además de solicitar el divorcio había pedido la separación de bienes de la sociedad de gananciales; que su referido esposo en combinación con los otros demandados Laàves y Zapata, y mediante conspiración para privar a la demandante de su participación en los bienes de la sociedad conyugal de gananciales, otorgó con fecha aparente de 31 de octubre de 1911 a favor del demandado Julio N. Laaves un pagaré simulado por la suma de

$1,525 a vencer en igual día y mes de 1912, y a favor del code-
mandado Jaime Zapata, con fecha también aparente de 12 de
enero de 1912 otros dos pagarés igualmente simulados, uno
de ellos por $375 a vencer en 30 de septiembre del mismo
año, y el otro por $125 vencedero en 31 de diciembre de 1912;
que Roque Torres se hizo demandar por Laaves ante la Corte
de Distrito de Mayagüez para el cobro del pagaré de $1,525,
y por Jaime Zapata ante la Corte Municipal de Mayagüez
para el cobro de los otros dos pagarés ascendentes a $500,
y habiéndose dejado anotar la rebeldía en ambos juicios,
fueron registradas sentencias contra él condenándole al pago
de los supuestos créditos reclamados; que los bienes de la
sociedad de gananciales sujetos en su día a separación y divi-
sión consistían en 3 fincas rústicas de 14, 13 y 3 cuerdas de
terreno, respectivamente; que se describen en la demanda
y se marcan con las letras *a, b* y *c,* bienes adquiridos por
el demandado Roque Torres durante su matrimonio con la
demandante Mauricia García; que para la ejecución de la
sentencia dictada a favor de Zapata fué embargada, la finca
letra *c* cuya subasta se había anunciado para el día 23 de
mayo de 1913, y para la ejecución de la sentencia a favor
de Laaves habían sido embargadas las fincas letras *a* y *b,*
estando anunciada su venta para el día 6 de junio de 1913;
que si se rematan los expresados bienes la demandante sería
privada irreparablemente de la participación que en los mis-
mos le corresponde o pueda corresponderle: que el deman-
dado Torres no tiene más bienes que su participación en los
gananciales, y que el único remedio que la asiste para que
no se le prive de su propiedad es la concesión del *injunction*
solicitado.

Señalado día para oir a los demandados contra los cua-
les se pedía el *injunction,* se opusieron éstos a la pretensión
de la demandante alegando, primero: que dos causas dife-
rentes de acción habían sido indebidamente acumuladas, se-
gundo, que la demanda en cuanto se refiere al *injunction,*
no aduce hechos suficientes para determinar una causa de

acción, y tercero; que la demandante tiene un remedio ordinario prescrito en el artículo 91 del Código de Enjuiciamiento Civil.

El *injunction* preliminar fué concedido por orden de 26 de agosto de 1913 previa fianza de $1,000, y esa orden fué apelada por los demandados Laaves y Zapata.

Alega la parte apelante como motivos del recurso los siguientes:

*Primero.* Que la corte cometió error al conceder el *injunction* en vista de la demanda jurada de la demandante, sin la menor justificación de los hechos en ella alegados;

*Segundo.* Que también erró al desestimar la excepción general de que la demanda que comprende la petición de *injunction* no aduce hechos suficientes para constituir una causa de acción;

*Tercero.* Que además incurrió en error al no considerar que siendo los demandados Laaves y Zapata dos personas distintas a quienes se atribuían actos diferentes realizados en épocas diversas y mediante distintos pleitos se ejercitaban en la demanda que originaba el *injunction* dos acciones de nulidad que no podían acumularse:

*Cuarto.* Que la demandante tiene un remedio ordinario prescrito en el artículo 91 del Código de Enjuiciamiento Civil, por lo que no ha podido solicitar el remedio de *injunction* que es de carácter extraordinario.

Examinemos los errores apuntados:

*Primer error.* Los hechos en virtud de los cuales fué expedido el auto provisional de *injunction* fueron alegados por el peticionario bajo juramento y los demandados en su oposición, lejos de negar esos hechos limitáronse a establecer cuestiones de derecho tales como indebida acumulación de acciones, insuficiencia de hechos para determinar una causa de acción, y la existencia de un remedio ordinario que impedía la concesión del *injunction*. No habiendo sido denegados los hechos, éstos habían de servir de base para la consideración y decisión de las cuestiones de derecho planteadas sin que

fuera necesario aducir prueba alguna sobre tales hechos de cuya veracidad era prueba *prima facie* el juramento de la parte demandante. *Central Altagracia* v. *Otero,* 13 D. P. R., 112.

*Segundo error.* Examinados los hechos alegados en la petición de *injunction,* se desprende de ellos claramente el derecho del demandante y la procedencia del remedio solicitado.

Se promovía juicio por Mauricia García para anular ciertos pagarés simulados suscritos por su esposo Roque Torres a favor de Laaves y Zapata y anular también las sentencias que en virtud de conspiración entre los presuntos acreedores Laaves y Zapata y el falso deudor Roque Torres se habían dictado contra éste en perjuicio de la Mauricia García, a la que así se privaba de su participación en la sociedad de gananciales de ella y Roque Torres y el *injunction* solicitado tendía a impedir la ejecución de las sentencias y las subastas de los bienes embargados mientras se resolvía definitivamente el pleito iniciado sobre nulidad. Mediante la concesión del *injunction* no sólo se previene el daño que con la subasta habría de sufrir la Mauricia García pasando los bienes embargados que tenían el carácter de gananciales, a terceras personas, sino que además se evita a la García la iniciación de otro pleito para anular las subastas que de no accederse al *injunction* habrían de realizarse. Con el *injunction* decretado se impide la venta o el traspaso y se conserva el *status quo* de los bienes embargados, cuyo cambio de condición podría constituir un obstáculo para la ejecución de la sentencia que se dictara en el pleito sobre nulidad y originaría un nuevo pleito sobre la nulidad de las ventas en subasta pública contra el que los adquiriera. Los hechos alegados muestran la procedencia del remedio solicitado. Secciones 3ª y 4ª de la Ley sobre *Injunctions* aprobada en 8 de marzo de 1906. Además, como ya dijimos al resolver el caso de *Río* v. *Vázquez,* 17 D. P. R., 170, la petición de *injunction* se presentó a la corte de distrito y ésta apreció que mostraba motivos suficientes para expedir el auto solicitado y lo expidió fijando

una fianza suficiente para responder de cualquier perjuicio que pudiera ocasionarse al demandado; y a menos que se demuestre que la corte ha abusado de su discreción, no estaremos dispuestos a revocar su resolución.

*Tercer error.* No procede discutir en el presente recurso si en la demanda de nulidad en que se solicitó el *injunction* hubo o nó indebida acumulación de acciones, lo que habría de resolverse si en ese mismo sentido fuera · excepcionada dicha demanda. A nosotros nos toca considerar la demanda tal como ha sido presentada para determinar la procedencia del *injunction* sin perjuicio de lo que la corte inferior pueda resolver sobre la excepción antedicha al serle propuesta como previa o como perentoria. Para sostener el error apuntado alega la parte apelante que en cuanto a Zapata, la cuantía de su reclamación era por $500 y por tanto la corte de distrito carecía de jurisdicción para despachar el *injunction*. A esa alegación contestaremos que no consta de autos cuál sea la cuantía de la finca embargada para ejecutar la sentencia dictada a favor de Zapata y que en todo caso la corte habría actuado con jurisdicción, pues la de los tribunales de jurisdicción general en la expedición de *injunctions* no está limitada por la cuantía del litigio. Sección 2ª. de la Ley de *Injunctions.* Caso ya citado de *Río* v. *Vázquez.*

*Cuarto error.* El artículo 91 del Código de Enjuiciamiento Civil dice así:

"Artículo 91.—Cuando en una acción que afecte al título o al derecho de posesión de una propiedad inmueble, el demandante al tiempo de presentar la demanda, y el demandado al tiempo de presentar la contestación o en cualquier tiempo después, pidieren se declare que lo que se reclama es suyo, podrán presentar para su anotación al registrador del distrito en que radicare la propiedad o parte de ella un aviso de la cuestión litigiosa pendiente, el cual contendrá los nombres y apellidos de las partes, el objeto de la demanda o contestación, y la descripción de la propiedad en litigio. Sólo desde el día de la presentación del aviso para ser anotado se considerará que el comprador o la persona que adquiera un gravámen sobre la

propiedad litigiosa, tiene conocimiento, para los efectos legales, de la acción pendiente contra las partes designadas por sus nombres verdaderos.''

Dicho artículo no es aplicable al presente caso en que no se trata de una acción que afecta al título o al derecho de posesión de una propiedad inmueble y en que el demandante no pide que se declare que lo que reclama es suyo, requisitos necesarios para la aplicación de aquel artículo como lo revela su simple lectura; pero de todos modos el remedio expresado no excluye el *injunction,* más rápido, eficaz y adecuado en el presente caso.    22 Cyc., 771.

Por las razones expuestas es de confirmarse la orden recurrida.

*Confirmada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro y Aldrey.